1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   RAUL GARCIA,                          No.  2:14-cv-2378 JAM DB P
12                    Plaintiff,
13          v.                             ORDER
14   F. FOLKS, et al.,
15                    Defendants.
16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action under 42 U.S.C. § 1983.  Plaintiff moves for extensions of time to respond to discovery

19   requests and to conduct discovery.  Plaintiff explains that he is incarcerated in the security

20   housing unit ("SHU") and therefore has infrequent access to legal materials.  In addition, plaintiff

21   requests issuance of subpoenas duces tecum.

22                              **BACKGROUND**

23          This case is proceeding on plaintiff's original complaint filed here on October 6, 2014.

24   (ECF No. 1.)   On screening, the court found plaintiff stated the following potentially cognizable

25   claims regarding the conditions of his confinement at High Desert State Prison ("HDSP"):  (1)

26   First Amendment retaliation claims against all defendants; (2) Eighth Amendment claims based

27   on the mishandling of plaintiff's food against defendants Cox, Folks, Loftin, and Riley; (3) Eighth

28   Amendment claims based on plaintiff's living conditions against defendants Cox, Folks, Loftin,

                                        1

1   Madrigal, Riley, Witcheal, and Wung; and (4) Eighth Amendment claims regarding plaintiff's

2   serious medical needs against Cox, Loftin, Madrigal, Riley, Witcheal, and Wung.  (ECF No. 14.)

3   On June 9, 2016, defendants Cox, Folks, Holmes, Loftin, Madrigal, Witcheal, and Wung filed an

4   answer to the complaint.  (ECF No. 30.)

5        On October 11, 2016, the court issued a discovery and scheduling order setting a

6   discovery deadline of January 27, 2017 and a pretrial motion deadline of April 28, 2017.  (ECF

7   No. 38.)

8        On November 14, 2016, defendant Riley filed an answer to the complaint.  (ECF No. 45.)

9        On December 5, 2016, plaintiff filed a request for forms to subpoena witnesses.  (ECF No.

10  47.)  The court denied the request without prejudice to its renewal.  (ECF No. 48.)

11       On January 3, 2017, plaintiff filed the pending motions for extensions of time and the

12  request for subpoenas duces tecum.  (ECF Nos. 53, 54, 55.)

13                      **MOTIONS FOR EXTENSIONS OF TIME**

14       Plaintiff states that he received defendants' requests for production of documents and

15  admissions and interrogatories on December 1, 2016.  Pursuant to the court's discovery and

16  scheduling order, plaintiff's responses to those requests are due 45 days after they were served.

17  (ECF No. 38 at 4.)  He explains that finding the documents and information responsive to those

18  requests is especially time-consuming for two reasons.  First, plaintiff is incarcerated in the SHU

19  and only has access to legal materials when he goes to the law library, which he is permitted to do

20  once a week.  Second, plaintiff must request a number of documents from prison staff and staff

21  responses can take time.  (ECF Nos. 53, 54.)

22       In his motion for an extension of the discovery cut-off date, plaintiff repeats his problems

23  with limited access to legal materials and documents. In addition, plaintiff notes that defendant

24  Riley answered the complaint in November, giving plaintiff little time to conduct discovery

25  regarding Riley. Finally, plaintiff explains that he intends to seek information from third parties

26  by way of a subpoena duces tecum.  (ECF No. 54.)  Plaintiff filed a request for a subpoena duces

27  tecum at the same time he filed the pending motions.  (See ECF No. 55.)

28  ////

                                        2

1    The court finds plaintiff has shown good cause for both extensions of time.  However, he

2    fails to specify how much additional time he seeks.  The court finds thirty-day extensions of both

3    deadlines appropriate.

4    **REQUEST FOR SUBPOENAS DUCES TECUM**

5    Plaintiff seeks the issuance of three subpoenas duces tecum.  (ECF No. 55.)  First, he

6    seeks Robert A. Barton, Inspector General, "as a witness" regarding a 2015 report plaintiff claims

7    Mr. Barton issued regarding the behavior of correctional officers at HDSP towards inmates

8    during the time period from 2008 to 2015.  It also appears plaintiff is requesting a copy of that

9    report.  Second, plaintiff seeks to make Donald Specter and Ehsan Sadeghi of the Prison Law

10   Office witnesses and to require them to produce a report the Prison Law Office issued on HDSP.

11   Third, plaintiff seeks to make Dr. Andrew Pomazal, a doctor at HDSP, a witness because he is the

12   doctor who detected bacteria in plaintiff's stomach and told plaintiff it was "because someone

13   was messing with my food."   Attached to plaintiff's request is a copy of a letter dated November

14   10, 2016 addressed to plaintiff from Ehsan Sadeghi, a Litigation Assistant with the Prison Law

15   Office.  (ECF No. 55 at 6.)  In that letter, plaintiff is informed that in December 2015 the Office

16   of the Inspector General issued a report on staff misconduct at HDSP and that the Prison Law

17   Office also provided a report to prison officials about HDSP.

18   As plaintiff was informed previously, the purpose of a subpoena duces tecum is to seek

19   documents from a person who is not a party to this action.  (Order dated Dec. 12, 2016 (ECF No.

20   48) at 1.)   In plaintiff's first two requests, he does seek documents.  However, in his third request

21   regarding Dr. Pomazal, plaintiff does not indicate what, if any, documents he seeks.  Therefore,

22   plaintiff's request for a subpoena duces tecum regarding Dr. Pomazal is denied.  To the extent

23   plaintiff is seeking to make Dr. Pomazal a witness, the attendance of a witness by subpoena is not

24   necessary until trial.  As explained in the court's discovery and scheduling order, plaintiff need

25   only seek a subpoena commanding a witnesses' attendance at trial if that witness is not willing to

26   testify voluntarily.  (ECF No. 38 at 3-4.)  To the extent plaintiff wishes to obtain information

27   from Dr. Pomazal, he may do so by communicating with Dr. Pomazal directly.  A subpoena is not

28   necessary.

1    With respect to plaintiff's requests for subpoenas duces tecum to Mr. Barton and the

2    Prison Law Office, the court finds two reasons plaintiff's requests should not be granted.  First, as

3    plaintiff was informed previously, issuance of a subpoena duces tecum requires the Marshal's

4    Office to expend its resources to personally serve the subpoena.  (Order dated Dec. 12, 2016

5    (ECF No. 48) at 1-2.)  In addition, a subpoena places a burden on a non-party to respond.  For

6    these reasons, a request for a subpoena is not taken lightly.  See Austin v. Winett, No. 1:04-cv-

7    5104 DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); Badman v. Stark, 139 F.R.D.

8    601, 605 (M.D. Pa. 1991).  Plaintiff fails to show that he has attempted to obtain copies of these

9    reports by making requests through the mail or by telephone directly to Mr. Barton and the Prison

10   Law Office.

11   Moreover, a discovery request must seek information that is relevant to plaintiff's case.

12   See Fed. R. Civ. P. 26(b)(1) (information sought through discovery must be "relevant to any

13   party's claim or defense").   Plaintiff is seeking relief regarding specific actions taken by the

14   defendants in this case against him.  Plaintiff fails to show why reports regarding abuses at HDSP

15   generally are relevant to his claims of injury.

16   For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

17   follows:

18   1.   Plaintiff's request for an extension of time to answer defendants' discovery requests

19   (ECF No. 53) is granted.  Plaintiff shall have an additional thirty days to respond to

20   those requests.

21   2.   Plaintiff's request for an extension of the discovery cutoff (ECF No. 54) is granted.

22   The discovery and scheduling order issued October 11, 2016 (ECF No. 38) is

23   amended.  The deadline for discovery is continued to February 27, 2017.  The parties

24   may conduct discovery until that date.  In addition, any motions to compel discovery

25   shall be filed by that date.

26   ////

27   ////

28   ////

4

3. Plaintiff's request for subpoenas duces tecum is denied.

Dated:  January 9, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/garc2378.eots

5