UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARCIA,<br><br>   Plaintiff,<br><br>   v.<br><br>F. FOLKS, et al.,<br><br>   Defendants. | No. 2:14-cv-2378 JAM DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Before the court are three motions filed by plaintiff. Plaintiff moves for the right to propound interrogatories over the statutory limit on defendants, for the issuance of subpoenas duces tecum, and to compel two defendants to fully respond to his first set of interrogatories. For the reasons set forth below, this court denies each of plaintiff's motions.

**BACKGROUND**

This case is proceeding on plaintiff's original complaint filed here on October 6, 2014. (ECF No. 1.) On screening, the court found plaintiff stated the following potentially cognizable claims regarding the conditions of his confinement at High Desert State Prison ("HDSP"): (1) First Amendment retaliation claims against all defendants; (2) Eighth Amendment claims based on the mishandling of plaintiff's food against defendants Cox, Folks, Loftin, and Riley; (3) Eighth Amendment claims based on plaintiff's living conditions against defendants Cox, Folks, Loftin,

1

Madrigal, Riley, Witcheal, and Wung; and (4) Eighth Amendment claims regarding plaintiff's serious medical needs against Cox, Loftin, Madrigal, Riley, Witcheal, and Wung.  (ECF No. 14.) On June 9, 2016, defendants Cox, Folks, Holmes, Loftin, Madrigal, Witcheal, and Wung filed an answer to the complaint.  (ECF No. 30.)

On October 11, 2016, the court issued a discovery and scheduling order setting a discovery deadline of January 27, 2017 and a pretrial motion deadline of April 28, 2017.  (ECF No. 38.)

On November 14, 2016, defendant Riley filed an answer to the complaint.  (ECF No. 45.)

On December 5, 2016, plaintiff filed a request for forms to subpoena witnesses.  (ECF No. 47.)  The court denied the request without prejudice to its renewal.  (ECF No. 48.)

On January 3, 2017, plaintiff sought extensions of time and the issuance of subpoenas duces tecum.  (ECF Nos. 53, 54, 55.)  The court granted plaintiff additional time to respond to defendants' discovery requests, extended the discovery deadline to February 27, 2017, and denied the request for issuance of subpoenas duces tecum.  (ECF No. 57.)  Shortly thereafter, the court granted defendants' motion for additional time to respond to plaintiff's discovery.  (ECF No. 60.)

On January 23, 2017, plaintiff requested a copy of his deposition.  (ECF No. 59.)  In a declaration filed February 17, 2017, counsel for defendants explains that plaintiff has now received that copy.  (ECF No. 65.)  Accordingly, the court considers plaintiff's request moot.

On February 3, 2017, plaintiff moved for the right to serve additional interrogatories on each defendant.  (ECF No. 61.)  On February 6, plaintiff repeated two of his requests for subpoenas duces tecum and moved to compel defendants Wung and Holmes to fully respond to his first set of interrogatories.  (ECF Nos. 62, 63.)   Defendants oppose plaintiff's motion to propound additional interrogatories.  (ECF No. 64.)  Counsel for defendants has also filed a declaration regarding plaintiff's motion to compel.  (ECF No. 65.)

**MOTION TO PROPOUND ADDITIONAL INTERROGATORIES**

Rule 33(a)(1) of the Federal Rules of Civil Procedure limits a party to serving 25 interrogatories on any other party.  Typically, a party requesting additional interrogatories must make a "particularized showing" as to why additional discovery is necessary.  Archer Daniels

2

1   Midland Co. v. Aon Risk Services, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999).

2   However, a party proceeding pro se is held to a somewhat lesser standard.  A pro se party must

3   show good cause for additional discovery.  See McClellan v. Kern County Sheriff's Office, No.

4   1:10-cv-0386 LJO MJS (PC), 2015 WL 5732242, at *1 (E.D. Cal. Sept. 29, 2015) (citing Fed. R.

5   Civ. P. 26(b)(1); Cantu v. Garcia, No. 1:09cv00177 AWI DLB PC, 2013 WL101667, at *3 (E.D.

6   Cal. Jan. 8, 2013); Eichler v. Tilton, No. CIV S–06–2894 JAM CMK P, 2010 WL 457334, at *1

7   (E.D. Cal. Feb. 3, 2010)).

8        Pursuant to Rule 33(a), once the moving party has made the appropriate showing, the

9   court shall grant leave if it is consistent with FRCP 26(b)(2).  Rule 26(b)(2)(C) states that the

10   court must limit the "frequency or scope of discovery otherwise allowed by these rules" if it finds

11   that:

12       (i) the discovery sought is unreasonably cumulative or duplicative,
        or can be obtained from some other source that is more convenient,
13       less burdensome, or less expensive;

14       (ii) the party seeking discovery has had ample opportunity to obtain
        the information by discovery in the action; or
15

16       (iii) the proposed discovery is outside the scope permitted by Rule
        26(b)(1).

17   Rule 26(b)(1) describes the scope of discovery as follows:

18       Parties may obtain discovery regarding any nonprivileged matter
        that is relevant to any party's claim or defense and proportional to
19       the needs of the case, considering the importance of the issues at
        stake in the action, the amount in controversy, the parties' relative
20       access to relevant information, the parties' resources, the
        importance of the discovery in resolving the issues, and whether the
21       burden or expense of the proposed discovery outweighs its likely
        benefit. Information within this scope of discovery need not be
22       admissible in evidence to be discoverable.

23       In the present case, plaintiff simply requests the right to serve additional interrogatories on

24   each defendant.  The only grounds he provides for requiring this additional discovery is that the

25   "extra interrogatories are related to this case."  (ECF No. 61 at 2.)  He attaches a copy of each

26   new set of interrogatories, which he already served on each defendant, and each defendant's

27   responses that the interrogatories exceed the 25-interrogatory limit which was met in the first set

28   ////

3

1  of interrogatories.  Plaintiff does not provide copies of the original interrogatories or the
2  responses thereto.

3  Defendants' opposition to plaintiff's request states that plaintiff fails to show good cause
4  for the additional discovery and that plaintiff has already received substantial discovery in the
5  responses to his first set of interrogatories to all defendants, his requests for production, and his
6  requests for admission.  (ECF No. 64.)   Plaintiff has not filed a timely reply to defendants'
7  opposition.

8  The court finds that plaintiff must do more than simply state that he has "relevant"
9  additional questions for each defendant.  Plaintiff must give the court some reason to find that the
10 benefit of the additional interrogatories outweighs the burden and expense of responding to them.
11 This is particularly true where, as here, it appears that plaintiff has already propounded significant
12 discovery.

13 While the court recognizes that plaintiff is proceeding pro se, and is therefore entitled to
14 some leniency in making a showing of his need for discovery, plaintiff must provide some basis
15 for the court to permit him to propound additional discovery.  See McNeil v. Hayes, No. 1:10-cv-
16 1746-AWI-SKO (PC), 2014 WL 1125014, at *2 (E.D. Cal. 2014) ("[T]he 'particularized
17 showing' to obtain leave to serve additional interrogatories cannot be divorced from Plaintiff's
18 pro se status."); Smith v. Davis, No. 1:07-cv-1632-AWI-GSA PC, 2009 WL 2905794, at *1 (E.D.
19 Cal. Sept. 4. 2009) (plaintiff bears the burden of demonstrating a need for additional
20 interrogatories).  Further, plaintiff must make some attempt to demonstrate why his initial, full
21 sets of interrogatories propounded on each defendant were not sufficient.

22 For these reasons, the court will deny plaintiff's motion to exceed the interrogatory limit.

### MOTION FOR SUBPOENAS DUCES TECUM

24 Plaintiff repeats the requests made in his January 3, 2017 motion for the issuance of
25 subpoenas duces tecum to Robert Barton and to Donald Specter and Ehsan Sadeghi of the Prison
26 Law Office.  (ECF No. 62.)  To the extent plaintiff wishes to make these non-parties witnesses,
27 plaintiff was informed previously that the attendance of a witness by subpoena is not necessary
28 until trial.  As explained in the court's discovery and scheduling order, plaintiff need only seek a

subpoena commanding a witnesses' attendance at trial if that witness is not willing to testify voluntarily. (ECF No. 38 at 3-4.) Accordingly, subpoenas to compel these non-parties to be witnesses are inappropriate at this time.

Plaintiff also again seeks documents from the Prison Law Office. Plaintiff states that he wrote and asked that office for a copy of their report on High Desert State Prison ("HDSP"). He received a response indicating that the office could not provide plaintiff with a copy of the report because it contains confidential information. (ECF No. 62 at 8-9.) Plaintiff fails to show the documents he seeks would produce evidence relevant to his case or, even if they would produce relevant evidence, that he should be entitled to confidential reports on HDSP. Plaintiff's requests for subpoenas duces tecum will be denied.

## MOTION TO COMPEL

Plaintiff's final motion seeks to compel defendants Wung and Holmes to fully answer the interrogatories served on them. (ECF No. 63.) On February 17, 2017, defendants' counsel Aseil Mohmoud filed a declaration explaining that Wung and Holmes' failure to respond fully was due to a clerical error. (ECF No. 65.) Attorney Mohmoud states that on February 13, 2017, Wung and Holmes' responses to the remaining interrogatories were mailed to petitioner. Because plaintiff should have received Wung and Holmes' responses to the first set of interrogatories, the court finds plaintiff's motion to compel is moot.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to serve additional interrogatories (ECF No. 61) is denied;
2. Plaintiff's motion for issuance of subpoenas (ECF No. 62) is denied; and
3. Plaintiff's motion to compel (ECF No. 63) is dismissed as moot.

Dated: February 27, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/garc2378.disc or