UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARCIA, | No. 2:14-cv-2378 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| F. FOLKS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel and an extension of time to file an opposition to defendants' summary judgment motion. The court finds good cause for the extension of time. Plaintiff's request for counsel is addressed below.

Plaintiff states that he requires the appointment of counsel because he lacks the money to hire counsel, he has limited law library access, he has little knowledge of the law, and the issues in this case are complex. (ECF No. 84.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 84) is denied;

2. Plaintiff's motion for an extension of time (ECF No. 83) is granted; and

3. Plaintiff shall place his opposition in the mail on or before August 17, 2017.  Any reply shall be filed and served in accordance with Local Rule 230(l).

DATED:  July 20, 2017

/s/  DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9

2

DLB1/prisoner-civil rights/garc2378.31+36opp