UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL GARCIA,

    Plaintiff,

v.

F. FOLKS, et al.,

    Defendants.

No. 2:14-cv-2378 JAM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his Eighth Amendment rights by subjecting him to inhumane conditions of confinement and retaliated against him for exercising his First Amendment rights. Currently pending before the court are: (1) plaintiff's requests for copies and for the appointment of counsel; (2) defendants' motion for summary judgment; and (3) defendants' motion to strike plaintiff's sur-replies. Below the court addresses the first and third motions. Defendants' motion for summary judgment will be addressed at a later date.

**REQUESTS FOR COPIES**

In his requests for copies, plaintiff states that he did not receive a copy of this court's April 2, 2019 findings and recommendations. In addition, plaintiff asks for a copy of the transcript of the October 2018 evidentiary hearing on exhaustion issues. (ECF Nos. 127, 138.) The court will order the Clerk to serve the April 2 findings and recommendations on plaintiff.

With respect to the transcript, plaintiff is advised that the clerk does not ordinarily provide free copies of case documents to parties. In forma pauperis status does not include the cost of copies. The Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. Checks in the exact amount are made payable to "Clerk, USDC." Copies of documents in cases may also be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-441-4396, fax 916-400-4948. Finally, the court notes that Mr. Thorn, who was previously appointed as counsel for plaintiff in this case, ordered a copy of the transcript of the evidentiary hearing and may be able to provide plaintiff with a copy.

**REQUEST FOR THE APPOINTMENT OF COUNSEL**

Plaintiff requests the appointment of counsel. (ECF No. 127.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances at this time.

**MOTION TO STRIKE**

Defendants argue that plaintiff's two exhibits and his sur-reply, all filed here after defendants submitted their September 13 reply brief to the motion for summary judgment, should be stricken. (ECF No. 148.) First, plaintiff's September 16 filing is not a "sur-reply." Under the

mailbox rule, prisoner's filings are deemed "filed" on the date the prisoner submits them to the prison for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Plaintiff's September 16 filing shows that he submitted it to prison officials for mailing on September 11, before defendants filed their reply brief. (ECF No. 144 at 5.) Therefore, that filing is not technically a "sur-reply" because it was not filed in response to defendants' reply brief.

Second, plaintiff's September 16 filing (ECF No. 144) and October 10 filing (ECF No. 147) are both attempts to submit exhibits in support of plaintiff's opposition to summary judgment. The court recognizes that prisoners' ability to obtain signed copies of documents from those both inside and outside the prison can be difficult and time-consuming. Therefore, the court will allow these two filings to be considered as part of plaintiff's opposition to the motion for summary judgment. However, the court also recognizes that defendants did not have an opportunity to respond to these exhibits. Accordingly, defendants will be permitted the opportunity to file an addendum to their reply brief to address these two exhibits.

Finally, plaintiff did submit a sur-reply brief in response to defendants' reply brief. (ECF No. 145.) There is no provision in the local rules or in the Federal Rules of Civil Procedure that allows the non-moving party to file a reply, response, or sur-reply without a court order. Plaintiff's September 23, 2019 sur-reply is therefore unauthorized and will be stricken.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Attorney Douglas Thorn was appointed solely for the purpose of representing plaintiff through the evidentiary hearing and subsequent briefing on the issue of exhaustion. That issue has now been resolved. Accordingly, the Clerk of the Court shall remove Mr. Thorn from the docket in this case and plaintiff shall again be considered to be acting in pro per.

2. Plaintiff's motions for copies (ECF Nos. 127 and 138) are granted in part and denied in part:

    a. The Clerk of the Court is directed to serve this court's April 2, 2019 Findings and Recommendations (ECF No. 123) on plaintiff; and

////

    b. Plaintiff's request for a copy of the transcript of the October 22, 2018 evidentiary hearing is denied.

  3. Plaintiff's motion for the appointment of counsel (ECF No. 127) is denied without prejudice.

  4. Defendants' motion to strike (ECF No. 148) is granted in part and denied in part:

    a. Defendants' motion to strike plaintiff's September 16 and October 10 filings of exhibits is denied; and

    b. Defendants' motion to strike plaintiff's September 23 sur-reply (ECF No. 145) is granted.

  5. Within twenty days of the filed date of this order, defendants may file an addendum to their reply to the motion for summary judgment for the purpose of addressing plaintiff's September 16 and October 10 filings of exhibits.

Dated: December 5, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/garc2378.mtn strike2.or

4