UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>F. FOLKS, et al.,<br><br>        Defendants. | No.  2:14-cv-2378 JAM DB P<br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.  Plaintiff argues that the limitations on prisoners' access to the law library due to the COVID-19 pandemic have made preparing for trial extremely difficult.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

      The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The court does not find the required exceptional circumstances present at this time. Plaintiff's filings show that he can manage the legal work currently required quite well. In addition, a trial date has not yet been set.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 158) is denied without prejudice to its renewal at a later date.

Dated: June 12, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/garc2378.31(4)