UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARCIA, | No. 2:14-cv-2378 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| F. FOLKS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.

On August 5, 2020, the parties in this action participated in a settlement conference. (ECF No. 169.) During the settlement conference the parties agreed to a settlement. The terms of the agreement were put on the record. Thereafter, the parties submitted a stipulation for voluntary dismissal and this case was closed. (ECF Nos. 170, 171.) Plaintiff has now filed a motion "to clear court fees." (ECF No. 172.) Defendants have not responded to plaintiff's motion.

Plaintiff states that he agreed to dismiss this action in exchange for a monetary settlement. (ECF No. 172.) He alleges that his inmate trust account states that he still owes $259.57 of the $350.00 filing fee associated with this case. (Id.) He states that he thought his court fees should have been paid as part of the settlement agreement. He requests that the undersigned call the institution where is presently incarcerated and "fix it on [his] account."

Plaintiff has not indicated whether payment of filing fee was included in the settlement agreement. Nor has he included evidence showing that payment of the filing fee was included in the terms of the settlement agreement as set forth on the record. If it was not explicitly stated in the terms of the settlement agreement, defendants are likely not required to pay the balance of the filing fee.

Litigants ordinarily are required to pay their own fees, but they may be entitled to recover fees in certain circumstances, provided they were the prevailing party. Klamath Siskiyou Wildlands Center v. U.S. Bureau of Land Management, 589 F.3d 1027, 1030 (9th Cir. 2009). The term "prevailing party" "means a party in whose favor a judgment is rendered, regardless of the amount of damages awarded" and "requires the party to have achieved a material alteration in the legal relationship of the parties that is judicially sanctioned." Id. (citations and quotations omitted). "A plaintiff who prevails through settlement can be considered a 'prevailing party' under 42 U.S.C. § 1988 and therefore can be awarded costs from a defendant." Allen v. Kelley, Nos. C-91-1635-VRW and C-94-4162-VRW, 1995 WL 396860 at *1 (N.D. Cal. June 29, 1995) (citing Maher v. Gagne, 448 U.S. 122, 129 (1980) and Williams v. Alioto, 625 F.2d 845, 848 (9th Cir. 1980), cert. denied 450 U.S. 1012 (1981)). Thus, to the extent plaintiff can show that he was the prevailing party defendants may[1] be required to pay plaintiff's costs.

Because plaintiff has not shown that payment of the filing fees was included in the terms of the settlement agreement or that he was the prevailing party and the fees requested are reasonable, the court will deny the motion without prejudice to its renewal.

////

////

////

---

[1] Some other courts have indicated that a plaintiff may be required to pay the filing fee where their financial status changes during the course of the litigation. See Wiideman v. Harper, 754 F.Supp. 808, 809 (D. Nev. 1990) (A trial court "may retroactively require plaintiff to pay fees and costs if his financial situation" improves after he is granted in forma pauperis status.); Williams v. Marshall, 795 F.Supp. 978, 979 (N.D. Cal. 1992) ("If [pro se prisoner plaintiff] prevails, the filing fee must be paid out of any monetary recovery.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to clear court fees (ECF No. 172) is denied without prejudice.

Dated: June 29, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/garc2378.fees